IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

CARINZO JARON EVITT,

     Petitioner,

v.

STEVEN HARPE,

     Respondent.

Case No. 22-CV-358-JFH-GLJ

## OPINION AND ORDER

Petitioner Carinzo Jaron Evitt, a state prisoner appearing *pro se*,[1] brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Muskogee County, Case No. CF-2017-357. Dkt. No. 1. Respondent Steven Harpe has moved to dismiss the petition on the basis that Evitt failed to file it within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1), and, in the alternative, that Evitt failed to exhaust available state remedies before filing the petition, in contravention of 28 U.S.C. § 2254(b)(1)(A).[2] Dkt. No. 6; Dkt. No. 7. Evitt has not submitted a response in opposition to the motion. For the reasons discussed herein, the Court grants Harpe's motion and dismisses the petition.

## BACKGROUND

On November 27, 2017, Evitt entered a plea of guilty in the District Court of Muskogee

---

[1] Because Evitt appears without counsel, the Court must liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction neither requires nor permits the Court to act as an advocate on his behalf by crafting legal arguments or scouring the record for facts to support his claims. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] Because the Court finds that Evitt's petition is untimely, the Court does not reach Harpe's alternative argument for dismissal.

County, Case No. CF-2017-357 to possession of a firearm after a former felony conviction, in violation of Okla. Stat. tit. 21, § 1283. Dkt. No. 7-1, at 1-12.[3] The state district court sentenced Evitt to a ten-year term of imprisonment. Dkt. No. 7-2 at 1. Evitt did not move to withdraw his plea within ten (10) days of sentencing, a precondition to seeking direct review of his conviction and sentence through a certiorari appeal with the Oklahoma Court of Criminal Appeals (OCCA). Dkt. No. 7-3 at 5; *see Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012).

Over three years later, on April 8, 2021, Evitt filed an application for postconviction relief in the state district court, which the court denied on February 15, 2022. Dkt. No. 7-4; Dkt. No. 7-5. Evitt appealed to the OCCA, which declined jurisdiction due to the untimeliness of Evitt's notice of postconviction appeal. Dkt. No. 7-6. Evitt filed a second application for postconviction relief on August 1, 2022, which the state district court denied on August 26, 2022. Dkt. No. 7-7, Dkt. No. 7-8. Evitt appealed the decision to the OCCA, which affirmed the district court's denial of relief on November 9, 2022. Dkt. No. 7-9.

Evitt then initiated this federal habeas action on December 1, 2022, alleging that he received ineffective assistance of counsel and that, under the dictates of *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), the state court lacked jurisdiction to convict him. Dkt. No. 1 at 5-20, 28-36, 44.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3] The Court's citations refer to the CM/ECF header pagination.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

### A. The Applicable Limitations Period

Evitt contends that his petition is timely because he was "[o]nly recently . . . made aware that his conviction is illegal" due to lack of jurisdiction. Dkt. No. 1 at 42-43. Even if the Court liberally construes this argument as invoking § 2244(d)(1)(D), Evitt has not demonstrated that the factual predicate of his claims could not have been discovered prior to the date his conviction became final. Evitt's jurisdictional claim is predicated on the facts that he is an American Indian and the crime took place in Indian Country. Similarly, his claim of ineffective assistance of counsel is predicated on his counsel's failure to raise this jurisdictional challenge. The fact that the Creek Reservation has not been disestablished, however, was discoverable through the exercise of due diligence long before the Supreme Court analyzed the issue in its 2020 ruling. *See Ford v. Dowling*, No. 22-6138, 2023 WL 2641476, at *3 (10th Cir. Mar. 27, 2023) (unpublished) ("[Section] 2244(d)(1)(D) is inapplicable because nothing in *McGirt* can be said to reveal a new

factual predicate for [the petitioner's] claim.");[4] *Stiltner v. Nunn*, No. 21-CV-0374-GKF-CDL, 2022 WL 951997, at *5 (N.D. Okla. Mar. 29, 2022) (unpublished) ("[A] reasonably diligent petitioner could have discovered the facts necessary to challenge Oklahoma's criminal jurisdiction before *McGirt* was decided in 2020."). Thus, § 2244(d)(1)(D) does not afford Evitt a later initiation date of the one-year limitations period.

Since Evitt has failed to allege facts triggering 28 U.S.C. § 2244(d)(1)(B), (C), or (D), the one-year limitations period for his petition began to run pursuant to § 2244(d)(1)(A) on the date on which his conviction became final. Evitt appears to argue that, because the state court lacked "jurisdiction over his conviction," "[t]here [was] no conviction," for purposes of § 2244(d)(1)(A). Dkt. No. 1, at 43. Yet, claims that a judgment was imposed without proper jurisdiction are not exempt from the AEDPA's one-year statute of limitations. *See Pacheco v. Habti*, 62 F.4th 1233, 1245 (10th Cir. 2023) ("When Congress enacted the limitations period in AEDPA, it discerned no reason to provide a blanket exception for jurisdictional claims."); *Murrell v. Crow*, 793 F. App'x 675, 679 (10th Cir. 2019) (holding that, "as with any other habeas claim," the petitioner's claim that the trial court lacked jurisdiction to accept his plea was "subject to dismissal for untimeliness" (alteration and internal quotation marks omitted)).

Evitt was afforded ten (10) days from November 27, 2017, the date of his judgment and sentence, to initiate a direct appeal by requesting the withdrawal of his guilty plea. *See* Okla. Crim. App. R. 4.2(A). Evitt failed to do so, and his judgment therefore became final on December 7, 2017. The one-year limitations period for seeking federal habeas relief began to run the following

---

[4] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

day, on December 8, 2017, and expired one year later, on December 10, 2018.[5] Section 2244(d)(1)(A) therefore bars Evitt's December 1, 2022, federal habeas petition absent statutory or equitable tolling or a showing of actual innocence. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011).

### B. Statutory and Equitable Tolling

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application[] for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to applications for state postconviction or other collateral review filed beyond the one-year limitations period prescribed by the AEDPA. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *Anderson v. Cline*, 397 F. App'x 463, 464 (10th Cir. 2010) ("[I]t is long settled that a state court motion for collateral relief cannot restart the clock on a limitations period that has already expired."). Evitt's April 8, 2021, and August 1, 2022, applications for postconviction relief were filed long after the expiration of the AEDPA's one-year limitations period and do not, therefore, trigger statutory tolling under § 2244(d)(2).

While the one-year statute of limitations may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Evitt does not argue that he is entitled to equitable tolling, and nothing in his submissions indicates that he diligently pursued his claims or that

---

[5] One year from December 8, 2017, was Saturday, December 8, 2018. Because this date fell on a Saturday, the limitations period "continue[d] to run until the end of the next day that [was] not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Evitt's deadline to seek federal habeas relief therefore expired on Monday, December 10, 2018.

extraordinary circumstances precluded the timely submission of his action. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (alteration and internal quotation marks omitted)).

### C. Actual Innocence

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" despite the "expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Prisoners asserting actual innocence "must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (internal quotation marks omitted).

Evitt claims he is "actually innocent" because he was not convicted by a court with proper jurisdiction. Dkt. No. 1 at 42-43. "[A]ctual innocence," however, "means factual innocence, not legal innocence." *Long v. Peterson*, 291 F. App'x 209, 213 (10th Cir. 2008); *see Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency."). Evitt's argument attacks the legal sufficiency of his conviction. He does not dispute that he committed the crime for which he was convicted or proffer evidence of his factual innocence. Accordingly, Evitt has not demonstrated that the untimeliness of his petition is excusable under the doctrine of actual innocence.

## CONCLUSION

Based on the foregoing, the Court grants Harpe's motion to dismiss the petition [Dkt. No. 6]. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the dismissal of the petition on statute-of-limitations

grounds.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    ACCORDINGLY, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss [Dkt. No. 6] is GRANTED;

2. the petition for writ of habeas corpus [Dkt. No. 1] is DISMISSED with prejudice as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations;

3. a certificate of appealability is DENIED; and

4. a separate judgment shall be entered in this matter.

Dated this 24th day of July 2023.

                                                  JOHN F. HEIL, III
                                                UNITED STATES DISTRICT JUDGE